UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20628-CR-GRAHAM/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JORGE EGERAIGE, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO EXCLUDE INCRIMINATING STATEMENTS**

This matter is before the Court on Defendant Jorge Egeraige's ("Egeraige") Motion to Exclude Incriminating Statements. [D.E. 303].[1] Many of his co-Defendants moved to adopt this motion [*see, e.g.,* D.E. 308, 309, 310, 320, 323, 328]; those requests were granted. No evidentiary hearing was held on the motion as Egeraige (through counsel) waived his right to a hearing at the status conference held in this case on January 13, 2010.

### *I. DISCUSSION*

Egeraige and eighteen (18) others were charged by indictment with conspiracy to commit wire and mail fraud and substantive counts of mail and wire fraud.[2] He is

---

[1] This matter was referred for a Report and Recommendation to the undersigned Magistrate Judge by the Honorable Donald L. Graham. [D.E. 383].

[2] Egeraige himself was charged with conspiracy and one substantive count of mail and wire fraud.

moving to exclude any statements that violate his constitutional guarantees as set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966); *Crawford v. Washington*, 541 U.S. 36 (2004); and *Bruton v. United States*, 391 U.S. 123 (1968). He asks that the government be required to identify all out-of-court statements that incriminate him, then demonstrate that the statements do not violate *Miranda*, *Crawford*, or *Bruton*. Egeraige does not identify any statements that implicate his constitutional rights nor does he present any facts in support of his motion to exclude statements.

In its response [D.E. 348], the government preliminarily points out that Egeraige has failed to set forth any basis for excluding any incriminating statements. The government notes that it provided to each of the Defendants copies of all statements made to law enforcement by every Defendant who made a statement. All Defendants but one did make a statement. Despite having this information, Egeraige has not identified any statement that allegedly presents a *Miranda, Crawford,* or *Bruton* problem.

### A.  *Miranda*

More substantively and in connection with the *Miranda* issue, the government has presented the factual scenario under which Egeraige made statements to law enforcement. [D.E. 348 at 4-5]. We accept these facts as true for purposes of this motion. We do so because Egeraige did not offer his own version of events; he failed to challenge the government's version by way of a reply to the response; and he expressly waived his right to an evidentiary hearing at which he could dispute the facts.

The facts proffered by the government demonstrate that Egeraige voluntarily went to the U.S. Postal Inspection Services' Miami office on three different occasions and, on each occasion, voluntarily gave statements to U.S. Postal Inspector Ryan Salinas. As recited in the government's response at 5-6, Egeraige's statements were made during pre-custodial questioning such that *Miranda* warnings were not required (first interview on November 30, 2006), or were made after *Miranda* warnings had been administered then waived (second interview on March 15, 2007), or were provided via a handwritten statement that Egeraige took to Inspector Salinas at the Postal Inspection office (third meeting). Based on the totality of the evidence, we find that Egeraige's statements were voluntary, knowing, and freely given. Accordingly, we recommend that the motion to exclude based on *Miranda* violations be denied.

### B.   *Bruton*

Egeraige did not identify any of his co-Defendants' statements that might violate *Bruton*. However, the government states that Egeraige's wife made some statements that might incriminate him. The government represents that it will redact her statements to eliminate his name or reference to him where practicable, and eliminate statements that cannot be so redacted.

Based on the government's representations, and Egeraige's silence in response to this proposal, we recommend that the motion to exclude based on *Bruton* violations be denied without prejudice. The motion can be renewed at trial if Egeraige believes that the government has not taken adequate steps to eliminate the *Bruton* issue with respect to specifically identified statements by his co-Defendants.

### C. *Crawford*

The government represents that it does not intend to offer any statements that would run afoul of *Crawford*. Based on the government's representations, we recommend that the motion to exclude based on *Crawford* be denied.

## II. CONCLUSION

Based on the foregoing, the undersigned Magistrate Judge does hereby **RECOMMEND** that Defendant Jorge Egeraige's Motion to Exclude Incriminating Statements [D.E. 303] be **DENIED** as set forth herein.

Pursuant to Local Magistrate Rule 4(b), the parties have **until February 10, 2010 at 3:00 p.m.** to serve and file written objections, if any, with the Honorable Donald L. Graham, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 4th day of February, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge